1 | ALAN H. MARTIN, Cal. Bar No. 132301
amartin@sheppardmullin.com
2 | MICHAEL A. WALLIN, Cal. Bar No. 240344
mwallin@sheppardmullin.com
3 | STEPHANIE M. SEIDL, Cal. Bar No. 253674
sseidl@sheppardmullin.com
4 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
5 | Costa Mesa, California  92626-1993
Telephone:   714-513-5100
6 | Facsimile:   714-513-5130

7 | Attorneys for Creditor
GENERAL ELECTRIC CAPITAL
8 | CORPORATION

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **LOS ANGELES DIVISION**

12 |

13 | In re | Case No. 2:09-bk-14774-SB

14 | GTS PROPERTY PORTFOLIOS B-3, LLC, a Nevada limited liability company, | [Jointly Administered Case Nos. 2:09-bk-14774-SB and 2:09-bk-15342-SB]

15 | | 

16 | Debtors and Debtors-in-Possession. | Chapter 11

17 | _____ | **NOTICE OF MOTION AND MOTION FOR EXAMINATION OF GREGORY PAUL GARMON AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004; DECLARATION OF STEPHANIE M. SEIDL IN SUPPORT THEREOF**

18 | ☐   Affects GTS PROPERTY PORTFOLIOS B-3, LLC, a Nevada limited liability company, | 

19 | | 

20 | ☐   Affects Gulfstream Apt. Portfolio, LLC, a Delaware limited liability company, | 

21 | | **No Hearing Required**

22 | ☒   Affects all Debtors. | 

23 |

24 |

25 |

26 |

27 |

28 |

W02-WEST:1SMS1\401516151.1                                    -0-

1    TO THE HONORABLE SAMUEL BUFFORD, UNITED STATES

2    BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:

3

4    PLEASE TAKE NOTICE that General Electric Capital Corporation

5    ("GECC"), a creditor and party in interest in the above-captioned cases, respectfully

6    requests an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 directing the

7    production of documents by, and examination of Gregory Paul Garmon.

8

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy

10    Rule 2004-1(f), if you object to the proposed examination and document production, you

11    must file and serve a motion for a protective order at least eleven (11) days before the date

12    set for the proposed examination and document production, and set it for hearing not less

13    than two (2) court days before the scheduled examination, unless an order shortening time

14    is granted by the Court.

15

16    PLEASE TAKE FURTHER NOTICE that this Motion is based upon this

17    Notice of Motion and Motion, the Declaration of Stephanie M. Seidl, the record in this

18    case, and any documentary or oral evidence that may be introduced at or prior to any

19    hearing on this Motion.

20

21    PLEASE TAKE FURTHER NOTICE that the document production and

22    examination of Gregory Paul Garmon will take place on July 2, 2009, at 9:00 a.m., at the

23    offices of Sheppard, Mullin, Richter & Hampton LLP, 650 Town Center Drive, 4th Floor,

24    Costa Mesa, California  92626-1993.

25

26

27

28

1   Dated: June 8, 2009

2

3

4                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6

7

By     */s/ Stephanie M. Seidl*

                           STEPHANIE M. SEIDL
                           Attorneys for Creditor
                           GENERAL ELECTRIC
                           CAPITAL CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MOTION FOR EXAMINATION</u>

In support of this Motion, General Electric Capital Corporation ("GECC") respectfully represents as follows:

1.   Movant GECC is a creditor of debtor Gulfstream Apt. Portfolio, LLC ("Gulfstream") by reason of, of among other things, breach of a loan agreement (the "Loan Agreement") between Gulfstream and GECC.

2.   Movant GECC is a creditor of debtor GTS Property Portfolios B-3, LLC ("GTS," and collectively with Gulfstream, the "Debtors") by reason of, among other things, breach of the Loan Agreement.  GTS assumed a portion of Gulfstream's obligations under the Loan Agreement pursuant to an assumption agreement dated August 29, 2006.

3.   Gregory Paul Garmon ("Garmon") is one of the guarantors on the Loan Agreement by way of a payment guaranty dated March 27, 2006.

4.   GECC seeks to question Garmon regarding the following subjects: property operations, acquisition of portfolios and use of fees, cash management and bank accounts, loan draw preparation and submission, use of loan draw proceeds, current assets of the estate, loans or capital calls from affiliates, efforts to replace capital partners, insurance clams and use of insurance proceeds, and liens on accounts from other lenders.

5.   GECC requests an order for the production of documents by Garmon referring or relating to the categories enumerated in paragraph 4.

6.      Counsel for GECC discussed this Motion with counsel for the Debtors, and counsel for the Debtors indicated a desire to participate in the 2004 examinations along with counsel for GECC.  As a result, counsel for GECC scheduled this 2004 examination in consultation with counsel for the Debtors, and is informed and believes that counsel for the Debtors will file a motion joining GECC's request for a 2004 examination of Garmon.

7.      The proposed examination and document production is within the permissible scope of examination set forth under Federal Rule of Bankruptcy Procedure (FRBP) 2004.  The scope of permissible inquiry under FRBP 2004 is broad.  FRBP 2004(b) provides:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a … reorganization case under chapter 11 of the Code…, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

> The purpose of a Rule 2004 examination is to allow inquiry into the Debtor's acts, conduct, or financial affairs so as to discover all assets of the estate. See 9 Collier on Bankruptcy ¶ 2004.01(1999).

8.      In accordance with Local Bankruptcy Rule 2004-1(b), GECC is informed and believes that Garmon resides at 30741 Hilltop Way, San Juan Capistrano, CA 92675  As of the date of the filing of this motion, counsel for GECC believes that Garmon is unemployed.

9.    In accordance with Local Bankruptcy Rule 2004-1(b), Stephanie Seidl of Sheppard, Mullin, Richter & Hampton sent Garmon a letter via overnight delivery on May 18, 2009.  Subsequently, Ms. Seidl was informed by Jeff Silverman that both he and Garmon would be represented by Morgan Stewart of Manley & Stewart in connection with the 2004 examinations.  Ms. Seidl contacted Mr. Stewart and reached an agreement as to the time and place of the examinations.  Based on an email communication received from Mr. Stewart, Mr. Stewart is currently in the process of reviewing the scope of the examination with his client.  Should Mr. Stewart raise any concerns in connection with the scope of the examination, the parties will attempt to cooperate to resolve these issues by way of mutual agreement.  Further, Mr. Stewart has indicated that his client does not have any documents in his possession that relate to the categories described in paragraph 4.

10.    Local Bankruptcy Rule 2004-1(b) requires that the Motion state why the examination cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure.  The examination sought cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because Movant is not a party to an adversary proceeding or contested matter that is currently pending in the Bankruptcy Court under which the proposed examination and document production can properly be taken, and thus a Rule 2004 exam is the only means for Movant to obtain the production of documents and appearance by Garmon to answer questions under oath.

11.    Local Bankruptcy Rule 2004-1(c) also requires that the proposed examiner provide at least 21 days notice of the examination.  In compliance with the Local Rule, the document production and the examination of Garmon will

1  take place at least 21 days after the date of service or the date of filing of the

2  Notice of Motion and Motion.

3

4  12.     GECC proposes to conduct the document production and examination

5  pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure on July

6  2, 2009, at 9:00 a.m., at the offices of Sheppard, Mullin, Richter & Hampton

7  LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, California  92626-

8  1993.  The examination shall be continued to a time and date acceptable to

9  the parties, if not completed on that date.

10

11  WHEREFORE, creditor GECC respectfully requests the Court issue an order:

12

13  1.     Directing Garmon, to appear for examination on July 2, 2009, at 9:00

14  a.m., at the offices of Sheppard, Mullin, Richter & Hampton LLP, 650 Town Center Drive,

15  4th Floor, Costa Mesa, California  92626-1993; and

16

17  2.     Directing Garmon to produce, at the same location, any and all

18  documents in Garmon's custody, control, or possession that refer or relate to any of the

19  following categories: property operations, acquisition of portfolios and use of fees, cash

20  management and bank accounts, loan draw preparation and submission, use of loan draw

21  proceeds, current assets of the estate, loans or capital calls from affiliates, efforts to replace

22  capital partners, insurance clams and use of insurance proceeds, and liens on accounts

23  from other lenders.

24

25

26

27

28

W02-WEST:1SMS1\401516151.1                    -6-

1  Dated:   June 8, 2009

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                   By     /s/ Stephanie M. Seidl

5                                   STEPHANIE M. SEIDL
                                    Attorneys for Creditor
6                                   GENERAL ELECTRIC
7                                   CAPITAL CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF STEPHANIE M. SEIDL

I, Stephanie M. Seidl, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an associate with SHEPPARD MULLIN RICHTER & HAMPTON LLP, attorneys of record for General Electric Capital Corporation ("GECC").

2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.      This declaration is submitted in support of the Notice of Motion and Motion for Examination of the Gregory Paul Garmon pursuant to Bankruptcy Rule 2004.

4.      Movant GECC is a creditor of debtor Gulfstream Apt. Portfolio, LLC ("Gulfstream") by reason of, of among other things, breach of a loan agreement (the "Loan Agreement") between Gulfstream and GECC.

5.      Movant GECC is a creditor of debtor GTS Property Portfolios B-3, LLC ("GTS," and collectively with Gulfstream, the "Debtors") by reason of, among other things, breach of the Loan Agreement.  GTS assumed a portion of Gulfstream's obligations under the Loan Agreement pursuant to an assumption agreement dated August 29, 2006.

6.      Gregory Paul Garmon ("Garmon") is one of the guarantors on the Loan Agreement by way of a payment guaranty dated March 27, 2006.

7.      GECC seeks to question Garmon regarding the following subjects: property operations, acquisition of portfolios and use of fees, cash management and bank accounts, loan draw preparation and submission, use of loan draw proceeds, current assets

1   of the estate, loans or capital calls from affiliates, efforts to replace capital partners,

2   insurance clams and use of insurance proceeds, and liens on accounts from other lenders.

3   GECC requests an order for the production of documents by Garmon referring or relating

4   to these categories.

5

6        8.      I am informed and believe that Garmon resides at 30741 Hilltop Way,

7   San Juan Capistrano, CA 92675.  Based on my conversation with Jeff Silverman, it is my

8   understanding that Garmon is unemployed at this time.

9

10       9.      In accordance with Local Bankruptcy Rule 2004-1(b), I sent Garmon

11  a letter via overnight delivery on May 18, 2009 that requested that Mr. Garmon contact me

12  to confer regarding the 2004 examination.  Subsequently, I was informed by Jeff

13  Silverman that both he and Garmon would be represented by Morgan Stewart of Manley &

14  Stewart in connection with the 2004 examinations.  I contacted Mr. Stewart and have

15  reached an agreement as to the time and place of the examinations.  Based on an email

16  communication I received from Mr. Stewart, Mr. Stewart is currently in the process of

17  reviewing the scope of the examination with his client.  Should Mr. Stewart raise any

18  concerns in connection with the scope of the examination, I indicated that I would attempt

19  to cooperate to resolve these issues by way of mutual agreement. In addition, Mr. Stewart

20  indicated that his client does not have any documents in his possession that relate to the

21  categories described in paragraph 4.

22

23       10.     I informed counsel for the Debtors that GECC would be seeking 2004

24  examinations of Garmon, among others.  Bernard Bollinger and Anthony Napolitano

25  indicated that they would like to participate in the examinations, and I worked Mr.

26  Napolitano to reach a mutually agreeable date and time for the examination.  Further, I

27  informed Mr. Napolitano of the scope of GECC's proposed examination.  Based on my

28

W02-WEST:1SMS1\401516151.1                        -2-

1  conversations with Mr. Napolitano, it's my understanding that the Debtors will join in

2  GECC's request for this 2004 examination.

3

4              I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct.

6

7              Executed June 8, 2009, at Los Angeles, California.

8

9

10                                        /s/ Stephanie M. Seidl
                                          STEPHANIE M. SEIDL
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re:<br>GTS Property Portfolios B-3, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 09-14774-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448**

A true and correct copy of the foregoing document described as  **_NOTICE OF MOTION AND MOTION FOR EXAMINATION OF GREGORY PAUL GARMON AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004; DECLARATION OF STEPHANIE M. SEIDL IN SUPPORT THEREOF_**
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 8, 2009**                       I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below.

⊠ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **June 8, 2009**                       I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on                                   I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 8, 2009 | Virginia La Monica | /s/ Virginia La Monica |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkflow.com

| In re:<br>GTS Property Portfolios B-3, LLC | | CHAPTER: 11 |
| --- | --- | --- |
| | Debtor(s). | CASE NUMBER: 09-14774-SB |

## I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- **Bernard D Bollinger**    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
  (Debtor's Attorney)

- **Drew A Callahan**    ecfcacb@piteduncan.com

- **Dan E Chambers**    dchambers@jmbm.com

- **Russell Clementson**    russell.clementson@usdoj.gov

- **Eric A Cook**    ecook@ebglaw.com

- **Robert P Goe**    kmurphy@goeforlaw.com

- **Anthony J Napolitano**    anapolitano@buchalter.com, IFS_filing@buchalter.com

- **Lawrence Peitzman**    lpeitzman@pwkllp.com

- **David B Shemano**    dshemano@pwkllp.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

### Served by OVERNIGHT MAIL:

*2004 Examinee*
Gregory Paul Garmon
30741 Hilltop Way
San Juan Capistrano, CA  92675

*Attorney for Gregory Paul Garmon*
Morgan A. Stewart, Esq.
Manly & Stewart
4220 Von Karman Ave., Suite 200
Newport Beach, CA  92660

*Debtor*
GTS Property Portfolios B-3, LLC
3250 Wilshire Blvd., Suite 1106
Los Angeles, CA  90010-1577

U.S. Bankruptcy Court
Attn:  Judge Samuel L. Bufford
255 E. Temple St., Ctrm 1575
Los Angeles, CA  90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

American LegalNet, Inc.
www.FormsWorkflow.com